IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEMOINE,                                CV. 07-100-HU

           Petitioner,                           ORDER

   v.

CHARLES A. DANIELS,

           Respondent.

JONES, Judge

    Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner alleges that respondent and the Bureau of Prisons have violated his constitutional rights in the manner in which funds have been withdrawn from his account pursuant to the Inmate Financial Responsibility Program. Currently before the court is petitioner's *ex parte* application for a temporary restraining order prohibiting his transfer outside the District of Oregon.

    Petitioner moves the court, pursuant to Federal Rule of Appellate Procedure 23(a), for an order prohibiting his transfer during the pendency of this proceeding. Petitioner states that he

1 -- ORDER

was informed by prison officials that due to a reduction in his custody level, he is "under review for a transfer" to FCI Lompoc. Petitioner explains that Lompoc is seeking low custody inmates for participation in its Residential Drug Abuse Treatment Program. Petitioner believes such a transfer would disrupt his ability to litigate in this case, and in United States v. Lemoine, ED CR-03-00037-RT (C.D. Cal.).

Appellate Rule 23(a) provides that "*[p]ending review of a decision* in a habeas corpus proceeding . . . *for the release of a prisoner,* the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." (Emphasis added.) The rule applies only when a habeas petition is pending before a court of appeals. Overstreet v. Yates, 2005 WL 1984472 *1 (E.D.Cal. Aug. 12, 2005); Evans v. Lazaroff, 2006 WL 3759697 *1 (S.D.Ohio Dec. 19, 2006); Hairston v. Nash, 2005 WL 2621925 *2 (D.N.J. Oct. 14, 2005), aff'd, 165 Fed.Appx. 233 (3rd Cir. 2006); Mitchell v. McCaughtry, 291 F.Supp.2d 823, 835 (E.D.Wis. 2003). Moreover, the rule is limited to those habeas cases in which the prisoner seeks release. The instant proceeding fails to satisfy both requirements.

Accordingly, and because petitioner offers no particularized showing of hardship or retaliatory motive to warrant injunctive relief, petitioner's motion to prevent his transfer to a facility outside the District of Oregon is DENIED.

## CONCLUSION

Based on the foregoing, petitioner's motion for a temporary restraining order (#3) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of February, 2007.


/s/ Robert E. Jones
Robert E. Jones
United States District Judge